SECURITIES AND EXCHANGE
COMMISSION, Plaintiff,

v.

Christos NETELKOS, a/k/a Christopher
J. Nickos, Arno Arndt a/k/a Ernst
Arndt, Charles Haig Gamarekian a/k/a
Charles Haig, Falcon Sciences, Inc.,
Paul F. Donnelly, Trust and Invest-
ment, A.G., Robert I. Goodman, De-
fendants.

No. 84 Civ. 0335 (SWK).

United States District Court,
S.D. New York.

April 22, 1986.

Anne C. Flannery, Associate Regional
Adm'r, S.E.C., New York City (Arthur G.
Jakoby, of counsel), for plaintiff.

Christopher J. Netelkos, pro se.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

Currently before the Court are several motions filed by the Securities and Exchange Commission ("SEC"). The disposition of these motions is discussed below.

### Motion to Consolidate

This Court has previously issued preliminary injunctions against Christos Netelkos and Trust and Investment, A.G. ("T & I"), two of the defendants in the above-captioned matter. *See SEC v. Netelkos,* 592 F. Supp. 906 (S.D.N.Y.1984); *SEC v. Netelkos,* No. 84 Civ. 335 (SWK) (S.D.N.Y. January 23, 1985) [Available on WESTLAW, DCTU database]. The SEC now moves, pursuant to Fed.R.Civ.P. 65(a)(2), to have these preliminary injunctions consolidated into permanent injunctions.[1] The SEC also seeks an order of disgorgement against Netelkos and T & I.

At a hearing held in the above-captioned matter during March, 1986, Netelkos consented to the entry of a permanent injunc-

---

1. Defendants Robert Goodman, Falcon Sciences, Inc., Charles Gamarekian, and Paul Donnelly have previously consented to the entry of permanent injunctions against them. The SEC has requested that its motion to consolidate the preliminary injunction against defendant Arno Arndt into a permanent injunction be held in abeyance. The Court will grant this request.

tion against him.[2] T & I has not appeared in this action, and has presented no opposition to the SEC's motion although it was properly served by the SEC with the complaint and the SEC's moving papers.

The Court has previously conducted a comprehensive and exhaustive hearing on the SEC's motion for a preliminary injunction. More recently, in March, 1986, the Court held a hearing which spanned four days on the SEC's motion to consolidate and on its other outstanding motions. The Court has also previously issued three separate opinions on the SEC's motion for a preliminary injunction against all of the defendants. *See SEC v. Netelkos*, 592 F.Supp. 906 (S.D.N.Y.1984); *SEC v. Netelkos*, No. 84 Civ. 335 (SWK) (S.D.N.Y. September 12, 1984); [Available on WEST-LAW, DCTU database]; *SEC v. Netelkos*, No. 84 Civ. 335 (SWK) (S.D.N.Y. January 23, 1985) [Available on WESTLAW, DCTU database]. The Court also issued a supplemental order to its August 3, 1984 opinion on September 21, 1984. All of these opinions and orders contained lengthy and detailed findings of fact and conclusions of law. These four opinions and orders are hereby fully incorporated in the instant opinion.

In addition to incorporating the Court's previous four opinions and orders, the Court notes that all of the evidence and testimony received at the preliminary injunction hearing would have been admissable at a trial on the merits. Accordingly, the Court does consider that evidence in deciding whether a permanent injunction should issue. Fed.R.Civ.P. 65(a)(2). Moreover, pursuant to Fed.R.Civ.P. 53(e)(2), the Court hereby fully adopts and incorporates in the instant opinion the Final Report of the Special Master. The Court has previously considered the parties' objections and comments with regard to the Special Masters' Preliminary and Final Reports. Having considered these, the Court has decided to fully adopt the Special Master's Final Report.

■ Based on the foregoing, including specifically the hearing for a preliminary injunction, the four preliminary injunction opinions and orders incorporated in the instant opinion, the Special Master's Final Report, also incorporated in the instant opinion, the evidence received at the March, 1986 hearing, and the consent of Netelkos and absence of opposition by T & I, the Court grants the SEC's motion to consolidate the preliminary injunctions against Netelkos and T & I into permanent injunctions.

Accordingly, it is hereby:

ORDERED that Defendant Netelkos, his agents, servants, employees, nominees, assigns, corporations and other entities under his control, and those persons in active concert or participation with him, and each of them, be and hereby are permanently enjoined from, directly or indirectly, violating the provisions of Title 15, United States Code, Sections 77 and 78, *et seq.*, [77a et seq. and 78a et seq.] including, but not limited to, the following:

A. In the absence of any applicable statutory exemption:

(1) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell Falcon securities, or any other securities, through the use or medium of any prospectus or otherwise, unless and until a registration statement is in effect with plaintiff SEC as to such securities;

(2) carrying or causing to be carried through the mails or in interstate commerce, for the purpose of sale or for delivery after sale, Falcon securities, or any other securities, unless and until a registration statement is in effect with plaintiff SEC as to such securities; or

(3) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy Falcon securities, or any other securi-

---

**2.** Netelkos had been a fugitive from September, 1984 until January, 1986, when he was arrested.

ties, through the use or medium of any prospectus or otherwise, unless a registration statement has been filed with plaintiff SEC as to such securities, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. Section 77(h)[77h]; in violation of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. Sections 77e(a) and 77e(c);

B. In connection with the purchase or sale of Falcon securities or any other securities, by the use of the means or instrumentalities of interstate commerce, or of the mails, or of any facility of a national securities exchange:

(1) employing any device, scheme or artifice to defraud;

(2) making any untrue statement of material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(3) engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person; in violation of Section 10(b) of the Exchange Act, 15 U.S.C. Section 78j(b) and Rule 10b–5, 17 C.F.R. Section 240.10b–5 promulgated thereunder;

C. In the offer or sale of Falcon securities or any other securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly:

(1) employing any device, scheme or artifice to defraud, or

(2) obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statement made, in the light of the circumstances under which it was made, not misleading, or

(3) engaging in any transaction, act, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser; in violation of Section 17(a) of the Securities Act, 15 U.S.C. Sections 77q(a); and

D. Causing Falcon or any company to engage in acts and practices which constitute and are about to constitute violations of Sections 12(g) and 13(a) of the Exchange Act, 15 U.S.C. Sections 78*l* (g) and 78m(a) and Rules 12b–20, 13a–11 and 13a–13 promulgated thereunder, 17 C.F.R. Sections 240.12b–20, 240.13a–11 and 240.13a–13.

It is further:

ORDERED that defendant Trust and Investment, A.G. is *PERMANENTLY ENJOINED* from, directly or indirectly, violating the provisions of Title 15, United States Code, Sections 77 and 78, [77a et seq. and 78a et seq.] including but not limited to, violations of Sections 5(a) and 5(c) of the '33 Act, 15 U.S.C. Sections 77e(a) and 77e(c). It is further

ORDERED that defendant Trust and Investment, A.G. is *PERMANENTLY ENJOINED* from, directly or indirectly, violating Section 10(b) of the '34 Act, 15 U.S.C. Section 78j(b) and Rule 10b–5, 17 C.F.R. Section 240.10b–5, promulgated thereunder, including but not limited to engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person, in violation of those two provisions. It is further

ORDERED that defendant Trust and Investment, A.G. is *PERMANENTLY ENJOINED* from, directly or indirectly, violating Section 17(a) of the '33 Act, 15 U.S.C. Sections 77q(a). It is further

ORDERED that a copy of this opinion and order is to be served on defendants Arndt and Trust and Investment in the same manner in which the complaint in this action was served upon them.

The foregoing shall constitute the Court's findings of fact, conclusions of law, and the scope and terms of the permanent

injunction issued against Netelkos and T & I.

■ As part of its motion for a permanent injunction, the SEC seeks an order of disgorgement against Netelkos and T & I. Pursuant to its equitable powers, this Court may order these defendants to disgorge their ill-gotten gains. *See SEC v. Manor Nursing Centers, Inc.*, 458 F.2d 1082, 1103–1106 (2d Cir.1972).

In view of the conduct which Netelkos and T & I engaged in, the massive fraud they perpetuated, and the entry of the permanent injunction against them, the Court concludes that disgorgement is appropriate, indeed compelled. Accordingly, it is hereby:

ORDERED that defendants Netelkos and Trust and Investment, A.G. shall disgorge all proceeds, income and profits, together with interest at the New York legal rate from the date they received such proceeds, income and profits, received and/or obtained by them in connection with the purchase, sale, exchange, and/or transfer of shares of stock for Falcon Sciences, Inc.

All disgorged funds shall be deposited forthwith with the Clerk of the United States District Court for the Southern District of New York. The Clerk shall maintain these funds in an interest bearing account, and the funds shall be subject to further orders from this Court.

Netelkos is hereby ORDERED to file with the Court within ten days of the instant opinion an affidavit which outlines the *exact amount* of *all* proceeds he received and the location of these proceeds. T & I is directed to do the same within thirty days of the instant opinion. Netelkos and T & I are also ordered to disgorge and surrender to the Court *any* and *all* shares of stock of Falcon Sciences, Inc. which they may still possess.

*Motion to Liquidate Assets*

■ The SEC has also moved to modify this Court's September 21, 1984 order freezing Netelkos' assets. The Court first entered an order freezing Netelkos' assets on January 16, 1984. The Court continued the freeze order, but clarified its terms, in orders dated August 3, 1984 and September 21, 1984. The Court issued an expanded freeze order as to Netelkos' assets on January 13, 1986.

In its motion, the SEC seeks modification of the Court's September 21, 1984 freeze order in two respects. First, with respect to four assets subject to that order, the SEC seeks to liquidate them and deposit the proceeds in an interest bearing account. Second, with respect to five additional "liquid" assets subject to that freeze order, the SEC seeks permission to consolidate them in the same account with the proceeds from the liquidation. The SEC proposes that the account to receive these proceeds be controlled by a trustee in an unrelated civil action who has obtained a judgement against Netelkos. This account, according to the SEC, would remain subject to this Court's freeze order.

Netelkos does not object to the liquidation and consolidation of his assets. He does object, however, to the proceeds being deposited in an account controlled by the trustee. He urges that the proceeds be deposited with the Clerk of this Court, who would maintain them in an interest bearing account. In this manner, the proceeds can be preserved to compensate defrauded Falcon shareholders, according to Netelkos.

The Court agrees that the assets should be liquidated, to preserve the value they possess, and consolidated. The Court concludes that these proceeds should be deposited with the Clerk of the United States District Court for the Southern District of New York. In view of the permanent injunction and order of disgorgement entered against Netelkos, and Netelkos' consent to the liquidation and consolidation, the Court will permit this to occur subject to the terms and conditions outlined below. It is hereby:

ORDERED that this Court's Order of September 21, 1984 which effectively froze the assets of Netelkos ("Freeze Order") is hereby amended specifically and solely to permit the Securities and Exchange Commission and its agents and assistants to liquidate the following as-

sets owned by Netelkos and subject to the prior Freeze Orders of this Court:

1. Residential property located at:
   55 Ocean Avenue
   The Admiralty, Condominium Unit Ph-D,
   Monmouth Beach, New Jersey;
2. Residential property located at:
   1578 Beaver Hollow Drive
   Block 230.02, Lot 9,
   Toms River, New Jersey;
3. 851,200 common stock shares of Target Resources, Ltd., a Vancouver, British Columbia publicly held corporation, beneficially owned by John Kramer, Jr., a/k/a Christos Netelkos; and
4. Black 1984 Corvette registered to Sanction Corporation,

and to deposit all proceeds from the liquidation of the assets set forth above with the Clerk of the United States District Court for the Southern District of New York, who shall maintain such proceeds in an interest bearing account ("Netelkos account").

IT IS FURTHER ORDERED that this Court's Order of September 21, 1984 is hereby additionally amended, specifically and solely to permit the Securities and Exchange Commission and its agents and assistants to transfer the following liquid assets, currently frozen pursuant to this Court's Freeze Orders, and to deposit them in the Netelkos account:

1. Escrow account of funds, beneficially owned by John Kramer, Jr. a/k/a Christos Netelkos, currently deposited at the Supreme Court of British Columbia, Vancouver Registry, Docket No. C845773;
2. Irwin Weinberg, Esq. Escrow Account in Trust for Christos Netelkos;
3. Arthur Kronenberg, Esq. Escrow Account in Trust for Sanction Corporation;
4. Bankers Trust account # 42–821–579 registered to Sanction Corporation; and
5. Citibank Account # 60049359 registered to Christopher J. Nickos.

IT IS FURTHER ORDERED that all funds deposited in the Netelkos account shall be subject to all prior Orders of this Court. After the liquidation and consolidation of such assets, the SEC shall submit to the Court a report which details the liquidation transactions and a bank statement for the Netelkos account designated above.

*Outstanding Motions*

Currently, there are two outstanding motions filed by the SEC to hold Netelkos in civil contempt. By order dated September 11, 1984, this Court has already held Netelkos in civil contempt of court. In view of the permanent injunction and order of disgorgement entered against Netelkos, the Court will hold the two outstanding contempt motions in abeyance until Netelkos files his "disgorgement" affidavit. Once that affidavit has been filed, the Court will promptly decide these two motions.

Also pending is the motion of the Special Master to receive his compensation for the services he and his staff rendered in the instant case. This motion will be addressed in a separate opinion, which shall be issued shortly.

SO ORDERED.